Good morning, Your Honors. I'm Jennifer Kuhn on behalf of Mr. Vargas. I'd like to reserve two minutes for rebuttal. Mr. Vargas' statement should be vacated because under the Washington statutory scheme here, the predicate drug offense encompass solicitation, which particularly as Washington defined it, was too broad to qualify for a 16-level enhancement under 201.2. You say under the statutory scheme it includes solicitation. Is that because every felony in Washington includes solicitation? Well, we have the accomplice liability statute in Washington, which is 9A.08.020, general accomplice liability, which does include solicitation. I don't practice in Washington. I can't speak whether it applies to every felony, but it's certainly been applied by the courts to drug offenses. So there's certainly a case law that I cited in my brief that Washington drug offenses do encompass liability for accomplice liability, including liability for solicitation. So I did file 28J the other day because the latest pronouncement from the court on the 201.2 issue is Contreras-Hernandez, which does address crimes of violence and that solicitation to commit a crime of violence is a 201.2 predicate. And that case held that the term includes in the application notes of 201.2 is not exhaustive, which is consistent with the Shoemate and Cox cases that the parties had briefed. However, that case is not squarely on point because it does address crimes of violence and not controlled substance offenses under 201.2. And in fact, in footnote 14 of that case, it distinguishes the line of controlled substance cases. Like other crimes of violence cases, it does rely in part on the catch-all provision of the definition of crimes of violence, which includes either risk or threat, depending on whether we're in the career offender provision or the illegal entry provision. That language is not in the controlled substance definition. So I think the reasoning of the Sixth Circuit in Dolt is more persuasive, particularly in the controlled substance context, that solicitation is not listed specifically in the application note, and that its elements are not the same as the elements of the other three offenses listed in that note, which are conspiracy attempts and aiding and abetting. Is there any case which you're aware in which Washington has prosecuted under the drug statute solicitation? I did cite several cases in my opening brief. Let me just find them, for your honor. I'm sorry. Let me address that on rebuttal. But I did cite in my brief several cases in which Washington has prosecuted solicitation of controlled substance offense. But under this statute? It's not always clear in the cases which statute is being charged and convicted, but Washington law does provide that accomplice liability need not be specifically charged in the charging document, that being charged under the general statute provides notice to the defendant that he is potentially responsible under accomplice liability theory, even if that theory is not expressly charged. For example, in the Teal case, which I cited, the court said that the charging document need not allege accomplice liability. Being charged as the principal is adequate notice. In the Silva-Baltazar case, the court stated that any person who participates in the offense is guilty and is charged as a principal. And in the Trujillo and Rodriguez case, the court said that's the case even if the charging document doesn't expressly charge guilt as an accomplice. And in fact, the courts have even held that in a jury trial, the jurors need not be unanimous as to whether guilt was established under a principal theory or an accomplice liability theory. And that's the Hoffman case. So in this case, although we do have the charging document and the judgment which were submitted, those don't resolve the issue of whether the predicate offense was under a principal or an accomplice theory. We don't have any information about whether the defendant admitted facts at his plea that would exclude the possibility of him being convicted under a solicitation theory. Returning back to the 201.2 issue, as I said, I think that the Contreras-Hernandez does not squarely address the issue and that it's not necessary for the court to expand its precedent to cover controlled substance offenses under 201.2, particularly when we have the Navidad-Marcos line of cases which states that a statute is overbroad when it does encompass solicitation. And especially it's not necessary to address that issue when the government did not even raise the argument below that 201.2 would include solicitation offenses. Even if the court were to find that solicitation is included in the application notes of 201.2, I think the specifics of Washington solicitation under the general accomplice liability statute are too broad to fall within that definition. In the Vidal case, this court noted that solicitation requires a mens rea to achieve the commission of the crime. That was also the holding in Cornelio Pena, the Tenth Circuit case that the government relies on, that the mens rea was an important reason why solicitation was similar to the other three listed offenses. But Washington's general accomplice liability statute, according to the language of the statute and also according to the Roberts case, only requires knowledge that the action will facilitate the offense, not the intent, which is the mens rea required in the language in Vidal and in Cornelio Pena. The government in its briefs addressed a separate set of accomplice liability statutes, those from Washington law, which do require intent. But the general accomplice liability statute only requires knowledge. And that's clear from the language of that statute and also from the case law in Washington. And Washington also holds that accomplice liability can be charged under either set of statutes. So here we simply can't exclude the possibility that the predicate conviction was based on accomplice liability under Washington law on a solicitation theory that did not require intent to achieve the commission of the underlying offense. Do you want to save time for rebuttal? Yes. Thank you. Good morning, Your Honors. Zachary James on behalf of the United States. Your Honors, it is beyond dispute that the appellant in this case was charged under and convicted of a Washington State statute that is categorically a drug trafficking offense on its face. The language contained in the statute, for all material purposes, mirrors the language defining drug trafficking offense as contained in the guidelines of 2L1.2. What the appellant submits then is that, for all we know, he could have been or he may have been charged under some theory of accomplice liability to its solicitation. At the outset, it should be noted that nothing in the record reflects that this offender, this appellant, was in fact charged under any theory of solicitation. The charging document was specific in its scope, limiting the general statute to the crime in question, possession with intent to deliver. The abstract of judgment, in turn, reflects that he did plead guilty to that count, specifically noting that he was guilty of the offense of possession with intent to deliver. Assuming arguendo, though, that there is a realistic probability that this appellant or other individuals in Washington could be charged under a theory of solicitation without being noticed, this argument has already rejected the similar argument. In Shoemake, this Court looked at identical language contained at 4B1.2, Career Offender Sentencing Guidelines. The language regarding inchoate offenses is identical to the language in question here at 2L1.2. In Shoemake, this Court analyzed an Oregon statute, also a drug offense, and held that solicitation is properly included amongst the other listed inchoate offenses so as to be properly considered a controlled substance offense for Career Offender Guideline calculations. Shoemake relied in part on Cox, which likewise held that solicitation is properly included in that case amongst attempt, conspiracy, aiding, and abetting in the context of crimes of violence. Most recently, this Court in Contreras held that solicitation of crimes of violence are properly included in calculations under 2L1.2. So you're saying we should extend that and say solicitation is also properly included in drug offenses? Yes, Your Honor. Assuming arguendo that an individual could be charged under a theory of solicitation without notice in Washington, the United States would submit that the analysis and the reasoning and holdings in those three cases, Shoemake, Cox, and Contreras, apply equally in force to the controlled substance language, the drug trafficking offense language contained in 2L1.2. There's no reason to have any sort of different interpretation or analysis of identical language. Appellant here is asking this Court to ignore its prior precedent and holdings based on the case of Navidad-Marcos. Navidad-Marcos involved an entirely different set of circumstances. It did not deal squarely at all with the issue of solicitation. In that case, the Court was analyzing a California transportation statute that was categorically overbrought on its face. Included amongst the language in the statute was transportation for personal use. The government in that case conceded that the statute in question was overbrought on its face. The only question in that case was whether the government had met its burden to show under the modified categorical approach that the offender in that case had in fact committed a drug trafficking offense. The use of the word solicitation is used not more than one time throughout that opinion. The cases of Shumate, Cox, and Contreras hinge on the fact that solicitation is sufficiently similar to the other inchoate offenses so as to be properly included. In Shumate and Cox, the distinction wasn't based off of the mens rea that is required under any of these statutes. It has to do with the fact that the offense of solicitation carries with it the high degree of threat that the ultimate commission of the offense will take place. That alone is sufficient to properly include solicitation with the other inchoate offenses. What Appellant here says, though, is that because the Washington statutory scheme has two separate solicitation statutes, the general accomplice liability renders all crimes within the Washington statutory scheme, specifically the drug trafficking offense in question, categorically overbrought. But looking at the mens rea required under the general accomplice liability statute in Washington, Appellant's argument fails. The Washington general accomplice liability statute requires that one have knowledge that their solicitation will promote or facilitate the commission of the offense. In order for anyone to be held culpable under a general accomplice liability in Washington, the offense must have actually taken place. This is more than the solicitation statutes in question in Shoemake, Cox, and Contreras require. In Shoemake, this Court was looking at an Oregon statute. There, the Court referenced the fact that in Oregon, under the general accomplice theory at hand, solicitation is merely a substantial step toward attempt. In Cox, this Court was looking at a Texas statute and cited specifically a case law that held in Texas under that statutory scheme, solicitation does not rise to the level of attempt or conspiracy. Again, in Contreras, this Court was looking at a California solicitation statute. In that case, the offense being solicited was ineffectual. The offense was not ultimately carried out. Here you have a mens rea that requires knowledge that the solicitation will promote or facilitate the crime, and the crime must have been completed. Under a theory of natural and probable consequences, this Court would presume that an individual intends their voluntary acts. In fact, it's difficult to imagine any sort of scenario where one could solicit an individual to possess with intent to deliver a controlled substance, knowing that the solicitation will promote or facilitate that possession with intent, without intending that the crime be carried out. Nonetheless. Can you give me a practical example of solicitation of possession with intent to deliver? An example would be if an individual asks or offers some sort of monetary compensation to another individual to retrieve narcotics? I mean, a buyer? Would the buyer be covered by the statute, other than as a solicitor? What would the buyer be covered as? I'm just trying to understand, because this here, he was actually convicted of possession of cocaine with intent to deliver. Yes, Your Honor. That was the charge. Exactly. I don't understand how solicitation. He had the drugs, and he admitted he intended to deliver them. How does solicitation come into play? I don't believe it does, Your Honor. What's the theoretical basis by which solicitation could come into play? Exactly. I agree. No, I'm asking a question. Is a buyer a solicitor? A buyer is not a solicitor. I would not submit to the Court that a buyer is a solicitor. Well, you gave that example. Let's see. Somebody who asked someone to come into possession of drugs, and I thought you said was offering money. B says to A, I'd like you to come into possession of drugs with intent to sell. I'd like you to do that because I'd like you to sell them to me. Is that a solicitation? I don't believe it would be under this, under the Washington statutory scheme. Why not? What would it be? It'd still be a drug trafficking offense. I would submit, yes, it would. It would be a drug trafficking offense. Is a buyer normally covered under the leaving aside solicitation? The customer? The customer, I don't believe they would be because the offense holds people liable for possession with intent to deliver or manufacture. The buyer would have the possession after the fact, after the transaction. That would be a lesser offense. That would be just mere possession under that statutory scheme. So would that solicitation turn the buyer into a violator of the statute of possession with intent to distribute because he solicited that offense? Perhaps it's theoretically possible that someone could be charged under a solicitation of complex liability statute under those premises, but Appellant has cited to no authority to show that under the Washington case law, anybody has in fact been charged under those set of circumstances. I see that my time is running out. As far as the second and third issues, I would submit on the briefs. And in summation as to the issue about the plus 16, what I would submit to the Court is that Appellant here is asserting that a general accomplice liability statute that applies to all crimes in the State of Washington renders this drug trafficking offense categorically overbrought. By its logical extension, Appellant's argument would require that every single crime in Washington be deemed categorically overbrought. This Court has already rejected that argument in Shoemake, and the United States would urge the Court to reject the same here. Thank you very much. Thank you. Thank you, Your Honors. As to your question as to cites to Washington cases involving solicitation of a controlled substance offense, I did cite several cases in footnote 3 at my opening brief, page 13. In addition, the O'Neill case, which is also cited in the body of brief at page 13, was a conviction under the same statute on the theory of accomplice liability, although I can't say it was specifically the general accomplice liability statute that I'm speaking of. In addition, the Galicia case on the same page is an aiding and abetting theory. The Court need not extend the Contreras, Shoemake, and Cox cases to the controlled substance context. That's particularly unnecessary where the government failed to raise that argument in the proceedings below. But Shoemake and Cox address the career offender guideline, which is not identical to the 201.2 guideline, because the 201.2 application note has the heading listing aiding and abetting conspiracy and attempt, which is more limited than the language in the career offender guideline. In addition, the Contreras case specifically distinguished the line of controlled substance cases at note 14, and that's because there are really two lines of cases addressing the two contexts. Regarding the risk or threat issue that opposing counsel raised in Contreras and Shoemake and Cox, again, that's because the crime of violence context is different than controlled substance, because solicitation may indeed involve a risk or a threat that an offense be completed, even if it doesn't fall within that application note. As to practical examples of solicitation, I did cite the Aguilar-Ortiz case, an 11th Circuit case, involving a Florida statute for solicitation of a controlled substance offense. In that case, that court found that the statute encompassed solicitation of a personal use amount, and that you could be convicted of solicitation as a buyer for soliciting the seller to sell to you. That was essentially equivalent to attempted possession, and that was different than the other inchoate offenses of attempt, aiding and abetting, and conspiracy. And so in that instance, it did not fall within the scope of the application note. I would also suggest that under Washington law, which only requires knowledge that an act will promote or facilitate the commission of the crime, without any intent that the crime be committed, that, for example, it could be satisfied by asking someone to drive a car, knowing that the car contains narcotics, but without any intent that the narcotics be delivered. So again, the court need not extend the application notes to cover this context, but even if the court does so, Washington solicitation is different than generic solicitation. It's closer to the Lorenzo case from the Second Circuit, which New York facilitation, like Washington solicitation, does not require intent to complete the underlying offense. Unless the court has further questions. Thank you. Thank you, counsel. The case is now agreed to be submitted.
judges: Fletcher B. , Reinhardt, Wardlaw